JORGENSON, Judge.
For the following reasons the order of the trial court is reversed and this action is remanded for further proceedings.
Holmes leased an automobile from Glenn Rent-A-Car [Glenn]. He initialed a box on page one of the rental agreement indicating “$250.00 COLLISION LIAB. AS PROVIDED IN PAR. 18B OF THIS RENTAL AGREEMENT.” On page two, paragraph 18B provides that “[b]y Lessees initial on page 1, Lessee elects not to purchase full collision protection and agrees to be responsible for the first $250 [illegible] damages to the rented vehicle while it is in Lessee’s possession.” (Emphasis added.) Following paragraph 18B is a clause which excludes collision protection if the terms of the rental agreement are violated. Another clause, at the top of page two, provides that “[i]n no event shall the car be used, operated or driven ... by any person except Lessee, or a qualified licensed driver with Lessor’s prior written consent.”
While another licensed driver was driving the leased automobile, with Holmes as a passenger, the automobile sustained $6,663.72 in damages in a traffic accident. Holmes paid the $250 deductible. Glenn brought the instant action against Holmes for the remainder of the damages, alleging that Holmes breached the rental agreement when he allowed another to operate the car without Glenn’s written consent. The trial court granted Holmes’s motion to dismiss with prejudice Glenn’s amended complaint because'the “Rental Agreement, which was the basis of the Complaint and the Amended Complaint, was designed to misslead [sic] the consumer and was invalied [sic] as against public policy .... ”
The public policy referred to in the trial court’s order presumably is that “the owner of a vehicle is liable to third persons for its negligent operation by anyone to whom it has been entrusted, even if the bailee grossly violates the owner’s express instructions concerning its use,” Avis Rent-A-Car Systems, Inc. v. Garmas, 440 So.2d 1311, 1313 (Fla. 3d DCA 1983) (citations omitted); see Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla.1959).
Because this action is between the owner and the bailee and no injured third persons are involved, we hold that the above rule has no application to the instant case and that the public policy the rule embodies would not be served by extending it to invalidate the contract herein.[1]
Reversed and remanded.

. This opinion in no way precludes a finding that the rental agreement is for some other reason invalid. The record is insufficient at this time to make that determination.